## Lock *vs.* Noyes.

The indorser of a promissory note, having been released from all liability on the indorsement, is a competent witness for the indorsee, in an action upon the note.

An executor who has delivered a promissory note, payable to his testator, and indorsed in blank, to a third person, on a supposition that it is included in a legacy to such person, is a competent witness for the plaintiff in an action upon the note.

The payee of a note, having indorsed her name upon the back of it, and having placed it along with other articles in a certain trunk, by her last will bequeath-ed the trunk and all its contents—*Held*, that the note passed, by the will, to the legatee.

Assumpsit, upon a promissory note of the defendant, dated September 24, 1831, payable to Sally Smith, or order, and by her indorsed to Cynthia Greeley, and by said Cynthia, and her husband Edward D. Greeley, indorsed to the plaintiff.

The declaration also contained a count for money had and received.

The signature of the defendant was admitted.

The plaintiff introduced evidence to show that said Sally Smith, the payee, indorsed her name upon the back of said note, and at some time before her death, and before she executed her last will, placed the note thus indorsed in a certain trunk; and then by said will, which was duly proved

November 13, 1833, she bequeathed the "trunk and all its contents" to Cynthia Greeley, who with her husband, Edward D. Greeley, indorsed the same to the plaintiff.

The note was found in the trunk thus bequeathed, along with other articles, after her decease.

To the admissibility of this evidence the defendant objected, because the note appeared not to have been delivered over by said Sally during her life-time; but the court admitted the testimony.

Among the witnesses offered to prove these facts were said Cynthia Greeley, and Dudley S. Lock, the executor of said will, who, upon finding the note in the trunk, had delivered it over, with the trunk, to said Cynthia ; and the defendant objected to their competency on account of interest ; but it appearing that a release of all claim on account of the note had been duly executed by the plaintiff to said Edward D. and Cynthia Greeley, the objection was overruled.

The court directed the jury that if said Sally indorsed her name upon the back of the note, and put it into the trunk, before making her will, and it remained there until her death, it passed to said Cynthia, by the will, as a part of the contents of the trunk, and that in such case, the note having been delivered over by the executor, this action was sustained ; and the jury having returned a verdict for the plaintiff, the defendant moved for a new trial.

*Bell*, and *E. French*, for the plaintiff.

*Farrar*, and *Tilton*, for the defendant.

PARKER, C. J. The first question for consideration is, whether the witnesses were rightly admitted. Cynthia Greeley, who claimed to be the indorsee of the note, and who with her husband indorsed it to the plaintiff, does not appear to have had any interest in the event of this suit. There is no evidence to show that she, or her husband, was to gain

or lose directly by the event; and after the release from the plaintiff he can have no claim on them, or either of them, should the action fail.

Nor has the executor any interest which should prevent his testifying. If the note was duly delivered over by him to Cynthia Greeley, he is in no way accountable; and if it was not, such delivery, under a mistake of her rights, will not bar him from reclaiming it. If, therefore, it should be supposed, that in case of a judgment for the defendant, in this case, the executor might be required to inventory and account for the note, he would be entitled to receive it, and recover it from the defendant. So far as any legal interest isconcerned, he stands indifferent in the matter.

No rule of public policy has been cited, nor does any suggest itself to us, for the exclusion of either of these witnesses. It is not an objection to the competency of a witness, when offered to sustain a suit, that he has given currency to the instrument on which it is founded, or that it has passed through his hands, if he has no interest.

The evidence being admissible, the verdict of the jury has settled the contested question of fact; and it appears that the payee of the note having indorsed her name upon the back of it, and having placed it along with other articles in a certain trunk, by her last will, which has been duly approved, bequeathed the trunk and all its contents to Cynthia Greeley, to whom the executor afterwards delivered it. The next question is, whether the note may thus pass by her indorsement, and by the bequest of the trunk and all its contents.

A bequest of all his goods passes the testator's notes, bonds, money, &c. 1 *Peere Williams* 267, *Anonymous;* 3 *Atk.* 62, *Crichton* vs. *Symes;* 1 *Brown's Ch. R.* 128; 2 *Williams on Executors,* 748.

But it has been held that by a bequest of all the testator's goods and chattels in a particular house, " no goods and chattels in the house can pass but such as were properly in

possession, not choses in action, except bank notes," which the court considered as cash.   1 *Ves., senr.,* 273, *Chapman* vs. *Hart.*

So of all things in a house.   1 *Brown's C. R.* 127, *Moore* vs. *Moore;* 4 *Ves.* 166, *Jones* vs. *Lord Sefton;* 1 *Roper on Legacies* 190, *Green* vs. *Symonds, cited.*

"In Fleming *vs.* Brooke, 1 Schoale & Lefroy 318, where the bequest was of all the testator's property in A's house, *except a particular bond,* Lord Redesdale held that, in spite of the inference to be drawn from the exception, choses in action generally did not pass ; but this decision has been doubted."   2 *Williams* 749, *note c.*

And "in a recent case, Sir John Leach, M. R., held that a bequest of a cabinet, 'with whatever it contains except money,' would not pass a promissory note payable to the testatrix, of a date anterior to the will, and which at her death was found in the cabinet."   2 *Williams* 749, *cites* 4 *Russ. Chanc. Cas.* 69, *Read* vs. *Stewart.*

The soundness of this latter decision may also well be questioned ; and the reason for the distinction made between bonds and securities for money, and plate, linen, bank notes and ready money, where the bequest is of all the testator's goods and chattels at a particular place, is perhaps not perfectly clear, if there is nothing in the will to restrain and limit the general words, and show that the testator intended "those only savoring of locality."   1 *Yeates' Rep.* 101, *Jackson* vs. *Robinson;* 3 *P. Williams* 112, *Woolcomb* vs. *Woolcomb.*   It was said by the chancellor, (1 *Brown* 128) "the true point is, whether the context will qualify the meaning of goods and chattels."   This distinction, however, seems to be settled by authority.

In Chapman *vs.* Hart, the chancellor said : " in the Countess of Aylesbury's case I was of opinion that by a devise of all things in a house, money and bank notes passed to the testator's wife, and that the testator meant to consider the notes as cash ; but bonds do not pass, not admitting of

locality, except as to the probate of wills, &c. "The authority of this case, however, is somewhat shaken by Lord Eldon, in *Stuart* vs. *The Marquis of Bute*, 11 *Ves.* 662, where, referring to Lady Aylesbury's case, he said: " It was a bequest of 'my house and all that shall be in it at my death.' Lord Hardwicke held that cash passed: and bank notes: which Lord Hardwicke there, I do not know why, considered as cash ; but not promissory notes and securities, as they were the evidence of title to things out of the house, and not things in it. Bank notes I think just in the same situation." If it may be said, that the inference from these remarks of Lord Eldon is, that he was of opinion, not that choses in action should pass by such a clause, but that bank notes ought not to pass, there is his distinct declaration that he thought such notes in just the same situation with promissory notes and securities, with reference to such a clause in a will, and other authorities show that bank notes will pass by such a clause. 1 *Johns. Ch. R.* 238, *Mann* vs. *Mann ;* 1 *Roper on Legacies* 189, *and auth. ante.*

The terms, "all things in a house," are certainly broad enough to comprehend promissory notes and other choses in action ; and if the reason why they do not pass by such general words is that they are not connected with the house, and therefore *were not, probably, within the contemplation of the testator ;* that is a matter to be judged of from the whole will ; and the rule, therefore, would not in all cases be inflexible. If there was any thing in the context, or in the nature or circumstances of the case, to indicate that the intention of the testator was to include them, there would surely be no propriety in the application of such a rule.

If in the case of a devise of certain specified property in a particular place, "and other effects," the ordinary rule of construction limits the general terms, "other effects," to effects *ejusdem generis*, (2 *Williams* 751; 15 *Ves.* 326, *Hotham* vs. *Sutton*) there is, in a legacy of a cabinet " with whatever it contains," or a trunk " and all its contents," nothing

on which to found such a limitation. And if plate, linen, and bank notes, " savor of locality" in a house, promissory notes and securities for money might well seem to savor of locality in a cabinet.

If, however, it were held, in accordance with the principle of Read *vs.* Stewart, that a devise of a trunk with all its " contents," is not sufficient to pass all which it " contained," and that choses in action generally would be excepted in such case ; the fact that in this case the note was indorsed seems to place it on the same ground as money, or bank notes, in this respect, and may be considered as giving it the necessary locality. It is said, 1 *Roper on Legacies* (1 *Am. ed.*) 191, *chap.* 4, *sect.* 1: " The several cases which have been adduced concur in establishing that bank notes will pass to the specific legatee under a bequest of all goods in the testator's house. The reason is, that they are considered money, and not merely as representing money. This being so, it is an apparent consequence of the decisions made by the courts of law, that exchequer notes, promissory notes payable to bearer, exchequer bills, and bills of exchange, *indorsed* in *blank*, are not to be considered *choses in action*, but money of the persons in whose possession they are ; and that those instruments possessing, equally with bank notes, the locality required, will pass to the legatee under the terms of the above bequest." And again, the same writer says : " The reason why *bank* notes may be the subjects of gifts *mortis causa*, viz., that they are considered money, and not merely as representing money, and that the property in the money passes by their delivery, equally applies to *government* and *negotiable* securities, under particular circumstances. Hence it is conceived, that all negotiable instruments which require nothing more than delivery to pass to the donee the money secured by them, may be the subjects of donation *mortis causa*. That the delivery of bank notes has been so adjudged, appears in a preceding page ; and there is no reason why *exchequer* notes, or *promissory* notes *payable to bearer*,

or bills of exchange, and *exchequer* bills indorsed in *blank,* should not have the same capability ; for in all those cases the *property* and the *possession* are inseparable ; *i. e.,* by delivery, the property passes to the donee." 1 *Roper* 36, *ch.* 1, *sect.* 2.

The fact that the note in this case was indorsed, is certainly a very strong circumstance to show that the testator intended that it should pass to the legatee, as well as the rest of the contents ; and if any thing more than the very general terms of the bequest was necessary to show such intention, as the authorities indicate, this may well be held conclusive ; for why otherwise was the indorsement made.

Upon authority, therefore, as well as upon what we believe to be the meaning of the testator, disclosed by the general words, and attendant circumstances, we are of opinion that the note must be held to have passed by the will.

This being so, there seems to be no sufficient reason why the plaintiff, to whom it has been indorsed, may not maintain an action in his own name.   *Doug.* 633, *Peacock* vs. *Rhodes.*

*Judgment on the verdict.*